UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>IVAN GONZALEZ-CORPORAN, et al.,<br><br>Defendant(s). | Case No. 2:03-CR-176 JCM<br><br>ORDER |

Presently before the court is petitioner Ivan Gonzalez-Corporan's motion for voluntary dismissal of pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 159). (ECF No. 173).

Also before the court is petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 159). The government filed a response (ECF No. 169), to which petitioner replied (ECF No. 170).

Also before the court is the government's unopposed motion to extend time. (ECF No. 167).

Also before the court is petitioner's motion to defer ruling for 30 days. (ECF No. 172).

**I.  Voluntary Dismissal**

Petitioner moves to voluntarily dismiss, pursuant to Federal Rule of Civil Procedure 41(a)(2), his motion to vacate under § 2255 (ECF No. 159), asserting that he no longer seeks relief thereunder. (ECF No. 173). Because petitioner moves to voluntarily dismiss his § 2255 motion pursuant to Rule 41(a)(2), not Rule 41(a)(1), the government's stipulation is not required.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of actions and provides as follows:

James C. Mahan
U.S. District Judge

> (1) *By the Plaintiff.*
>
>> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>>
>>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>>
>> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Here, no counterclaim has been filed. Therefore, dismissal under Rule 41(a)(2) is proper. Nonetheless, the court finds the better course for dismissal of petitioner's § 2255 motion to be on the merits and based on the statute of limitations rather than Rule 41(a)(2).

**II.     28 U.S.C. § 2255**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

In his § 2255 motion, petitioner argues that under *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"), he does not qualify for the United States Sentencing Guideline ("USSG") § 2K2.1 sentencing enhancement and that his sentence violates due process. (ECF No. 159).

The court disagrees. In *Johnson*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. at 2557. In particular, the Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56. *Johnson* is inapplicable here because petitioner was not sentenced under the ACCA's residual clause.

Nonetheless, petitioner argues that the court should apply *Johnson*'s holding to the instant case and find that the USSG § 4B1.2(a)'s residual clause is also unconstitutional because the two residual clauses are identical in language and because other circuits have held § 4B1.2's residual clause to be unconstitutionally vague. (ECF No. 159). The court, again, disagrees.

In *Beckles v. United States*, the United States Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." No. 15-8544, 2017 WL 855781, at *9 (U.S. Mar. 6, 2017). In particular, the Supreme Court found, in relevant part, as follows:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

James C. Mahan
U.S. District Judge

- 3 -

2017 WL 855781, at *6.

Because the USSG's residual clause is not subject to a vagueness challenge under the due process clause, petitioner's argument fails.

Accordingly, because *Johnson* is inapplicable to the instant case, petitioner's § 2255 motion is untimely. Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of—

(1) the date on which the judgment of conviction becomes final;

. . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f).

The Ninth Circuit affirmed the district court's judgment on July 16, 2007. (ECF No. 122).

Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Thus, the statute of limitations for petitioner's § 2255 motion began to run ninety (90) days from July 16, 2007. Petitioner filed his abridged § 2255 motion to vacate over a year later on May 31, 2016 (ECF No. 159), rendering his § 2255 motion untimely.

Accordingly, based on the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 159).

### III. Certificate of Appealability

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)
    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Ivan Gonzalez-Corporan's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 159) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's unopposed motion to extend time (ECF No. 167) be, and the same hereby is, GRANTED *nunc pro tunc*.

IT IS FURTHER ORDERED that petitioner's motion to defer ruling for 30 days (ECF No. 172) be, and the same hereby is, DENIED as moot.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that petitioner's motion for voluntary dismissal (ECF No. 173) be, and the same hereby is, DENIED as moot.

DATED April 26, 2017.

_____
UNITED STATES DISTRICT JUDGE